# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-0138 LJO |
| Plaintiff, | **ORDER ON MOTION FOR TIME REDUCTION** |
| vs. | (Doc. 12.) |
| JOSE REYES CUEVAS-BARAJAS, | |
| Defendant. | |

## BACKGROUND

Pursuant to his March 10, 2011 plea agreement, defendant Jose Reyes Cuevas-Barajas ("defendant") pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant agreed that a 46-month prison term "is part of an overall 'reasonable sentence.'" Defendant further agreed:

1. "[N]ot to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. § 5K3.1," including "not moving for a downward departure of his offense level, criminal history category, or criminal history points";

2. "[N]ot argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than forty-six (46) years"; and

3. To "waive all Constitutional and statutory rights to appeal his conviction and sentence," including "an express waiver of appeal of this plea" and "to attack collaterally . . . his plea," including filing a motion under 28 U.S.C. § 2255 ("section 2255") and other statutes.

1

This Court sentenced defendant to 46 months, and a March 17, 2011 judgment to that effect was entered. On January 9, 2012, defendant filed his motion to reduce is sentence by a year in that "being an alien should not deprived [sic] him of his time reduction, due to, that from prisoner to prisoner there is no differences."

## DISCUSSION

### Waiver

Defendant's waiver to attack his sentence collaterally with a motion precludes his claims, among others, that his sentence should be reduced due to his status as an alien.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to seek section 2255 and related relief. *See United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to seek section 2255 or related relief unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant waived appeal of his plea, conviction and sentence, and agreed not to attack his conviction by a section 2255 or related motion. Defendant waived an attack on his sentence based on his deportable alien status, criminal history, and matters subject to his claims. Defendant agreed to a 46-month sentence, which he received.

### Deportable Alien Status

Defendant appears to contend that this Court should reduce his offense level as a deportable alien to address different treatment afforded citizens and aliens.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. §

3553(b)(1). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The United States Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guidelines. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as a deportable alien, his sentence is more severe than it would be if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated guideline requires a district court to make findings to consider the "structure and theory" of the guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district

3

court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's status, and does not "affect [defendant's] culpability or the seriousness of the offense"); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation).

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases. Defendant fails to substantiate a sentencing error resulting from his status as a deportable alien or grounds for further downward departure. Nothing in the record supports that defendant is subject to discrimination or is entitled to his requested relief.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant requested relief, including a sentence reduction.

IT IS SO ORDERED.

**Dated: January 12, 2012**         /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE