# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-0138 LJO |
| Plaintiff, | **ORDER ON 28 U.S.C. § 2255 MOTION**<br>(Doc. 14.) |
| vs. | |
| JOSE REYES CUEVAS-BARAJAS, | |
| Defendant. | |

## BACKGROUND

Pursuant to his March 10, 2011 plea agreement, defendant Jose Reyes Cuevas-Barajas ("defendant") pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant agreed that a 46-month prison term "is part of an overall 'reasonable sentence.'" Defendant further agreed:

1. "[N]ot to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. § 5K3.1," including "not moving for a downward departure of his offense level, criminal history category, or criminal history points";

2. "[N]ot argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than forty-six (46) years"; and

3. To "waive all Constitutional and statutory rights to appeal his conviction and sentence," including "an express waiver of appeal of this plea" and "to attack collaterally . . . his plea," including filing a motion under 28 U.S.C. § 2255 ("section 2255") and other

statutes.

This Court sentenced defendant to 46 months, and a March 17, 2011 judgment to that effect was entered. On January 9, 2012, defendant filed his motion to reduce is sentence by a year in that "being an alien should not deprived [sic] him of his time reduction, due to, that from prisoner to prisoner there is no differences." This Court's January 12, 2012 order denied defendant requested relief, including a sentence reduction.

On August 23, 2012, defendant filed a motion seeking section 2255 relief. Defendant's section 2255 papers appear to raise issues as to defendant's "prior conviction" and "post sentencing rehabilitation." For the reasons discussed below, this Court DENIES defendant section 2255 relief.

## DISCUSSION

### Waiver

Defendant's waiver to attack his sentence collaterally with a motion precludes his claims, including those seeking section 2255 relief.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to seek section 2255 and related relief. *See United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to seek section 2255 or related relief unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant waived appeal of his plea, conviction and sentence, and agreed not to attack his conviction by a section 2255 or related motion. Defendant waived an attack on his sentence based on his deportable alien status, criminal history, and matters subject to his claims. Defendant agreed to a 46-month sentence, which he received.

/ / /

## Voluntary And Intelligent Plea

Defendant's voluntary and intelligent plea further bars section 2255 or other requested relief.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences. . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

With the plea agreement, defendant acknowledged that he was fully aware of the direct consequence of his plea. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

## Untimely Section 2255 Motion

Defendant's claims for relief are susceptible to section 2255(f)'s one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant untimely seeks section 2255 or other requested relief. His judgment of conviction was

finalized on March 17, 2011, well more than a year prior to filing of his section 2255 papers. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. No right newly recognized by the U.S. Supreme Court supports section 2255 relief. Defendant delayed 17 months to seek requested relief to negate exercise of due diligence to discover facts to support his claim. The one-year limitations period expired prior to defendant's untimely papers. Defendant's untimeliness provides further grounds dismiss all claims raised in his papers, including claims as to his defense counsel's effectiveness.

## Successive Motions

Prior to filing his section 2255 motion, defendant filed a motion for time reduction which is construed as seeking section 2255 relief.

Section 2255(h) limits filing successive section 2255 motions and provides:

> A second or successive motion must be certified as provided in section 2244 by panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244 ("section 2244") mandates an applicant to "move in the appropriate court of appeals for an order authorizing the district court" to consider a second or successive application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(4) requires a district court to dismiss "any claim presented in a second or successive application . . . unless the applicant shows that the claim satisfies the requirements of this section."

Nothing suggests that defendant has obtained requisite section 2244 certification. Defendant points to neither newly discovered evidence nor a new rule of constitutional law.

Section 2244(b) further supports denial of section 2255 relief.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2);

*see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 or related relief.

IT IS SO ORDERED.

**Dated:   August 29, 2012**               /s/ Lawrence J. O'Neill
                                                                   UNITED STATES DISTRICT JUDGE